**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISON**

*MAY 27 2026 AM10:34
FILED - USDC - NDTX - AM*

Richard Anthony Herod # 1795915
Allred Unit 2101 FM 369 North, Iowa Park TX 76367

**v.**

Bobby Lumpkins P.O. Box 99, Huntsville TX 77342
Adam Gonzales, William Williamson, Timothy King,
& Julia King
9601 Spur 591, Amarillo, TX 79107

**2-26CV-119-Z**

CASE NO. _____

## I. PREVIOUS LAWSUITS

A. Have you filed any other lawsuit relating to your imprisonment?

[X] YES      [ ] NO

B.  I previously filed one or more federal lawsuits, but due to incarceration and lack of access to my records, I do not have the case numbers or details for one case in the 1990's. I disclose this in good faith the second case see below.

C. If yes, provide the following:

1.  Approximate filing date: APRIL 21 2022,

2.  Parties: Plaintiff – *Richard Anthony Herod*; Defendants, Bobby Lumpkins, Adam Gonzales, William Williamson, Timothy King, & Julia King.

3.  Court; Northern District, Amarillo Division

4.  Cause Number: 2-22CV-086-2

5.  Judge: *Matthew J. Kacsmaryk* / Lee Ann Reno

6.  Disposition: *Dismissed without prejudice*

7.  Approximate date: *August 8ᵗʰ 2025*

Place of confinement:

Allred Unit

2101 FM 369 North

Iowa Park, TX 76367

## II. EXHAUSTION OF GRIEVANCE PROCEDURES

Have you completed all steps of the grievance process?

[X] YES      [ ] NO

(Final grievance response attached).

## III. PARTIES

**Plaintiff**

RICHARD ANTHONY HEROD #1795915

Allred Unit

2101 FM 369 North

Iowa Park, TX 76367

**Defendant 1: BOBBY LUMPKINS**

Director, Texas Department of Criminal Justice (Huntsville)

P.O. Box 99

Huntsville, TX 77342

Acts:

He received notice of the assault and the mishandling of evidence via fax and failed to respond or take any corrective action, allowing constitutional violations to continue.

**Defendant 2: WILLIAM WILLIAMSON**

Captain, Texas Department of Criminal Justice (Clements Unit)

9601 Spur 591

Amarillo, TX 79107

Acts:

Failed to take statements, failed to review or preserve video evidence, and threatened a witness during the investigation.

**Defendant 3: ADAM GONZALES**

Warden, Texas Department of Criminal Justice (Clements Unit)

9601 Spur 591

Amarillo, TX 79107

Acts:

Was notified of the incident by Assistant Warden Alexander but took no action, allowing loss of evidence and ignoring misconduct.

**Defendant 4: TIMOTHY KING**

Sergeant, Texas Department of Criminal Justice (Clements Unit)

9601 Spur 591

Amarillo, TX 79107

Acts:

Witnessed the assault, was notified by Plaintiff, and failed to intervene or report the misconduct.

**Defendant 5: JULIA KING**

Correctional Officer – (Food Service Manager) Texas Department of Criminal Justice (Clements Unit)

9601 Spur 591

Amarillo, TX 79107

Acts:

On February 23, 2022 at approximately 2:10 a.m., she delivered an unprovoked mule-style kick to Plaintiff's knee, causing injury.

## IV. STATEMENT OF CLAIM

All events occurred at the Clements Unit in Amarillo, Texas.

On February 23, 2022, at approximately 2:10 a.m., Defendant Julia King delivered an unprovoked mule-style kick to Plaintiff's knee while Plaintiff was sitting in the G.P. kitchen diet line. Plaintiff suffered immediate pain and injury.

Defendant Sergeant Timothy King witnessed the assault, and Plaintiff informed him immediately afterward. Despite having a duty to intervene, protect Plaintiff, and report the use of force, he failed to take any action.

On February 28, 2022, Defendant Captain William Williamson conducted an inadequate investigation. He failed to take written or audio statements, failed to preserve or review available video recordings, and threatened a witness who attempted to provide information. At least one camera angle was lost or went missing during this period.

On March 2, 2022, Plaintiff's family contacted Assistant Warden Wade Alexander and specifically requested that all camera footage related to the incident be preserved. Alexander acknowledged the request but failed to ensure that the video was pulled or preserved. Multiple video angles were later lost or overwritten. Plaintiff and his family also provided notice to TDCJ Director Bobby Lumpkins of the assault and the mishandled investigation. He failed to take corrective action.

Spoliation of Video Evidence (Factual Allegations Relevant to Relief):
Plaintiff informed staff on February 23, 2022 that the incident had been recorded. Plaintiff's Step-One grievance described the assault and placed TDCJ on notice that video evidence was material. Plaintiff's family made a written preservation request to Assistant Warden Alexander on March 2, 2022. Defendants therefore had actual notice that video evidence would be relevant to an internal investigation and reasonably foreseeable litigation. Despite this notice, Defendants failed to pull, secure, or retain the recordings. Multiple camera angles were lost or overwritten due to Defendants' failure to preserve evidence after being placed on notice. The loss of video materially prejudices Plaintiff's ability to prove his claims.

**Rights Violated (stated factually):**

Eighth Amendment – Excessive Force: Defendant Julia King used unnecessary and wanton force.

• Eighth Amendment – Failure to Protect: Defendant Timothy King witnessed the assault and failed to intervene or report it.

• Eighth Amendment – Deliberate Indifference to Safety: Defendants Gonzales, Williamson, and Lumpkins received notice of the assault and mishandled investigation but took no corrective action.

• Fourteenth Amendment – Due Process (Supervisory Liability): Defendants Williamson, Gonzales, and Lumpkins failed to preserve evidence, allowed camera angles to be lost, and conducted a deficient investigation that interfered with Plaintiff's ability to obtain redress.

Defendants Gonzales, Williamson, and Lumpkins failed to act after receiving notice of misconduct, allowing violations to continue.


# V. RELIEF REQUESTED

Plaintiff requests all relief allowed by law, including:

• Compensatory damages for physical injuries

• Pain and suffering

• Any future medical surgeries or care from this incident

• Any additional relief deemed just and proper

• A spoliation finding based on Defendants' failure to preserve video evidence after receiving actual notice.

• An adverse-inference instruction that the missing video footage would have been favorable to Plaintiff.

• Any sanctions the Court deems appropriate for the destruction or loss of relevant evidence.

## VII. GENERAL BACKGROUND INFORMATION

A. Names used:

Richard Anthony Herod; Ricky Herod; Ricky D; Christopher Herod

B. All TDCJ or other inmate numbers:

633781; 869345; 1317115; 1795915

## VIII. SANCTIONS

A. Have you been sanctioned?

[ ] YES      [X] NO

Unsure on 1990's case.

C. Have you been warned about sanctions?

[ ] YES      [X] NO

Unsure of 1990's case.

## PLAINTIFF'S DECLARATION

I declare under penalty of perjury that the facts stated in this complaint are true and correct.

I understand I must notify the Court of any address change.

I understand the requirements of filing *in forma pauperis*.

Signed this ___19th___ day of ___MAY___, 20 _26_.

(Day)                          (month)                          (year)

Signature of Plaintiff

STEP ONE & STEP TWO
GRIEVANCES



# Texas Department of Criminal Justice

## STEP 1

# OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2022068831 6

Date Received: FEB 2 8 2022

Date Due: 04/09/2022

Grievance Code: 003

Investigator ID #: 27163 ✓

Extension Date: _____

Date Rec'd to Offender: APR 0 1 2022

Offender Name: Richard A. Herod          TDCJ # 1795915

Unit: Bill Clements      Housing Assignment: 18 T 08 ✓

Unit where incident occurred: Bill Clements

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? FSM Sgt. Timothy King          When? 02/23/2022

What was their response? I did not see it, so what do you want me to do?

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

Officer Food Service Manager (FSM) Julia King (unsure of spelling of first name) did assault inmate Richard A. Herod TDCJ-ID #1795915, further named as Herod.

**Date Time & Location:** On the early morning hours of 1:30 A.M and 6:00 A.M, on Feb. 23, 2022 on the Bill Clements Unit , General Population Kitchen, in front of the diet line table.

### STATEMENT OF FACTS

On the above forementioned time and location Inmate Herod was sitting on a orange igloo cooler in front of the diet line as he and several other inmates was eating after completing their work assignment. Both FSM Timothy King, further named as T.King & his wife Julia King, further named J.King came walking by the diet line to exit through the ODR, Officer Dining Room, to go on their break. As J.King approached Herod she rared back with a forward soccer kick striking the orange igloo cooler with her right foot; to attempt to kick this said cooler out from under neath Herod, which is clearly reckless endangerment as well as hazing. FSM J.King was not satisfied enough as J.King then tried another kick, this one was a more powerful kick as she used her right leg kicking the opposite side as she had kicked the first time, with a backwards mule style kick. This reckless kick not only struck the cooler but also struck Herod in his left leg around his knee calf area. This is defined in the State Penal code 22.01 Assault. Herod then stated, "you just assaulted me." ----- With there being a metal table & concrete tile floor and a metal pole that was mounted on the wall behind Herod; this was very threatening to cause serious bodily harm. Had this kick been successful in kicking the said cooler out from under neath Herod, causing him to hit his head on any of the metal objects could have broken his neck, arm, leg; put his eye out, split his head or could of caused paralyzation or death. Being a liability to TDCJ-ID There is no justification in committing this violent act.

Employees are representatives of TDCJ-ID are expected to adhere to the highest standard of conduct while on duty or off duty, including adherence to the rules of conduct described in the

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM                    (OVER)

Appendix F

"LISTING OF EMPLOYEE GENERAL RULES OF CONDUCT AND DISCIPLINARY VIOLATIONS" see Excerpt PD-22 prepared by Human Resources Admistrative Support, Followed by TDCJ Directed By Director Bobby Lumpkins.

PD-22 See 5a 5b & 5c NOTE: for mistreatment of inmates see rule No.23 Reckless Endangerment is clearly defined as dangerous this includes committing Hazing or Horseplay when the life of another is endangered. This did happen in front of numerous surveilance cameras installed for the safety of the running of the facility, for both security and Inmates.

FSM J.King did commit said assault violating state laws and guidline policy of TDCJ-ID posted in the PD-22 General rules of Conduct.

**Action Requested to resolve your Complaint.**
Pull and save the video coverage of said crime/ violation on the forementioned time & location And present these Facts to the O.I.G. and have them properly investigate this incident.

Offender Signature: _Rick X Allen   #1795915_   Date: _Feb 25, 2022_

**Grievance Response:**

Your complaint has been investigated and findings reviewed. This grievance and investigation were forwarded to the Office of Inspector General, who after review advised was insufficient evidence to open an OIG investigation. No further action warranted.

Signature Authority: _____ T. Martinez AW_____   Date: **APR 0 1 2022**

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

<table>
<tr><td colspan="2">**OFFICE USE ONLY**</td></tr>
<tr><td>Initial Submission</td><td>UGI Ininals: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2<u>nd Submission</u></td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3<u>rd Submission</u></td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

I-127 Back (Revised 11-2010)

Appendix F

# Texas Department of Criminal Justice

## STEP 2 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 202201083__

UGI Recd Date: APR 0 6 2022

HQ Recd Date: APR 1 1 2022

Date Due: 5·16·22

Grievance Code: OC2

Investigator IDW: 10964

Extension Date: _____

Offender Name:_Richard A. Herod_____ TDCJ #_1795915___

Unit: _Bill Clements___ Housing Assignment: 18-T-008-B____

Unit where incident occurred: _____Same_____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

It is contrary to the VIDEO EVIDENCE, that clearly shows officer Julia King, Maliciously, Sadistically, Non Provoked Unjustified assault/use of force; Excessive, Clearly a 8th Amendment violation. There was no mentioning of a video or witness statements used by the O.I.G to dispute the claim. O.I.G. 03/18/22, officer Jacie White & officer Guerra told Herod, "we have not pulled the video and had time to investigate that avenue." That is contrary to what Jacie White had told my wife Christy(Hunt)Herod on 03/01/22 on the phone conversation (recorded audio to reflect) Jacie White said, " I am gonna go pull the video coverage of the incident and present it to my team and see how we are gonna handle this." J.White was not aware that my wife had already contacted Huntsville O.I.G who had already forwarded the complaint to the Ombudsman office; Who had already forwarded it to the Bill Clements Unit and assigned to Captain William Williamson on 02/28/22. On 02/28/22 Williamson pulled Herod out to a office to let Herod know he was gonna be investigating his wifes complaint. Williamson told Herod," There was 3 angles of this incident and one is missing?? However, there is one video that shows exactly what your wife described in her report to Huntsville, but it is not clear what she kicked because of the angle. I can tell she made contact because she lost her footing , but it appears it was horseplay because everyone laughed afterwards." on 03/07/22 Lieutenant Amy Hitchcock was doing the emergency Grievance part of the Grievance, she stated," I seen the one video and I can see the backwards mule style kick, but it does not show what it made contact with, and it looks like it was horseplay due to people laughing afterwards". My wife made contact with risk managment Jill Reeves who stated she was gonna go pull the video and save it (recorded call) - - When a officer working under the color of uniform assaults a prisoner causing injury, it is a 1st degree felony; see Tex.Pen.Code 22.02, Video Reflects Facts. 03/11/2022 medical see Herod, referred him to the provider 03/14/22 Medical Provider diagnosed severe pain from the trama from the kick and prescribed pain medication. - - - When a serious incident as this is brought to the attention of the supervisor of the facility, and they fail to correct problem, this is a 8th Amendment violation "Deliberate Indifference" __ Supreme Court precedents state, Video Evidence supercedes all evidence, Scott V. Harris 550 U.S 372(2007); Poole V. CityShreveport 691 F.3d 624(5th Cir,2012) It is Facts that Herod has diligently been seeking ALL VIDEO EVIDENCE to be

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

Herod - 064

preserved; through Grievance, O.I.G., Onbudsman, Jill Reeves, and further stated NOW "Any and ALL VIDEO COVERAGE of said time location listed in Step One of incident be pulled, saved, marked as evidence for future Litigation. I am filing a 1983 & a Preliminary Injunction Motion to preserve evidence with Integrity. All these people who seen the video stated they seen the kick on video. To deny Step One is Contrary to all the Facts I presented within this document. Furthermore, 14th Amendment Violation Due Process Violation , not getting written witness statements from witness.

Offender Signature: _Rill A ill_    _1795915_    Date: _April 05,2022_

**Grievance Response:**

This issue has been reviewed by the Office of Inspector General and that office has determined that there is insufficient evidence to warrant opening a case. No further action will be taken.

Signature Authority: _____ **J. RILEY**    Date: _____    MAY - 6 2022

Returned because:    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

<table>
<tr><td colspan="2" align="center">**OFFICE USE ONLY**</td></tr>
<tr><td>Initial Submission</td><td>CGO Initials: _____</td></tr>
<tr><td colspan="2">Date UGI Recd: _____</td></tr>
<tr><td colspan="2">Date CGO Recd: _____</td></tr>
<tr><td colspan="2">(check one) ___ Screened ___ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender _____</td></tr>
<tr><td>2nd Submission</td><td>CGO Initials: _____</td></tr>
<tr><td colspan="2">Date UGI Recd: _____</td></tr>
<tr><td colspan="2">Date CGO Recd: _____</td></tr>
<tr><td colspan="2">(check one) ___ Screened ___ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>CGO Initials: _____</td></tr>
<tr><td colspan="2">Date UGI Recd: _____</td></tr>
<tr><td colspan="2">Date CGO Recd: _____</td></tr>
<tr><td colspan="2">(check one) ___ Screened ___ Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender _____</td></tr>
</table>

I-128 Back (Revised 11-2010)                    Appendix G

Richard Anthony Herod #1795915

Allred Unit

2101 FM 369 North

Iowa Park, TX 76367

Clerk of Court

U.S. District Court

Northern District of Texas

Amarillo Division

205 Southeast 5th Avenue , Room 133

Amarillo, TX 79101

RE: Filing of 42 U.S.C. § 1983 Civil Rights Complaint

Plaintiff: Richard Anthony Herod #1795915

Defendants: Lumpkins, Gonzales, Williamson, Timothy King, Julia King

To the Clerk of Court:

Enclosed please find the following documents for filing in the United States District Court for the Northern District of Texas, Amarillo Division:

1. Civil Rights Complaint under 42 U.S.C. § 1983  (Original & Copy)

2. Application to Proceed In Forma Pauperis and accompanying inmate trust account information  (1 Original )

3. Any grievance records or attachments referenced in the complaint( Step 1 & 2)

Please file the enclosed complaint as a new civil action and return a file-stamped copy to me at the above address. Because I am incarcerated, I respectfully request that the Court notify me by mail of the assigned case number and any additional documents or instructions required.

Thank you for your attention to this matter.

Respectfully submitted,

Richard Anthony Herod #1795915

Date: _May 19, 2026_

RICHARD A. HEROD # 01795915
Allred Unit
2101  FM  369 North
Iowa Park , Texas   76367



RECEIVED
MAY 27 2025
US DISTRICT
CLERK OFFICE



TO: CLERK OF COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

205 Southeast, 5th Avenue , Room 133
Amarillo, Texas   79101

LEGAL MAIL //  CONFIDENTIAL

LEGAL MAIL  //  CONFICENTIAL

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE  CORRECTIONAL
INSTITUTIONS DIVISION